**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| In re:<br><br>GLOBAL FOODS GROUP, INC.<br><br>Debtor. | Chapter 11, Subchapter V<br><br>Case No. _____ |

**MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO USE CASH AND OTHER COLLATERAL, (2) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED LENDERS, AND (3) SETTING FINAL HEARING**

Global Foods Group, Inc. ("Global" or "Debtor") submits this motion (the "Motion") seeking entry of an interim order (the "Interim Order") and a final order (the "Final Order") (1) authorizing the Debtor to use cash and other collateral, (2) granting adequate protection, and (3) setting final hearing as follows:

1. On March 20, 2021 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under Subchapter V, Chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). Debtor continues to manage and operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2)(A), (M), (N) and (0). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105, 361, 362, 363, and 364 of the Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

5. Global was incorporated in 2013 as a USDA, FDA food manufacturing company. Global produces a wide range of products including form pie shells, frozen biscuits, a variety of sandwich products, retail packaged products in categories such as southern vegetables, appetizers, meat protein, and further processed potato products. Global produces both controlled label as well as co- pack products for other companies.

6. The principal place of business for Global is in Clinton Arkansas where it operates a specialized manufacturing facility located on approximately 19.98 acres (the "Real Property"). Global's primary business is in the retail supermarket segment, with distribution in approximately 20 states. Global completed 2020 with sales in excess of eighteen (18) million dollars.

7. Global presently employs approximately 130 people in Arkansas, 124 of whom are hourly employees and 6 are salaried employees. The hourly employees have an average hourly rate of $12.15 per hour and the salaried employees have an average annual salary of $76,000. A portion of Global's sales are produced by independent brokers, who sell to wholesalers and retailers on a contract/commission basis.

8. The bankruptcy filing provides Global with the platform necessary to reorganize and restructure its operations as a going concern and continue its business operations, maintain adequate working capital, minimize costs of the reorganization, protect the jobs of its employees and propose a plan of reorganization to pay its creditors.

2284228-v1

9. HomeBank of Arkansas ("HomeBank"), as Lender provided a pre-petition credit facility to Global dated January 4, 2018, as evidenced by a promissory note in the amount of $1,000,000.00. On May 4, 2019, HomeBank extended additional credit to Global as evidence by a second promissory note in the amount of $300,000.00. As of the Petition Date, the principal amount of debt owed to HomeBank under the two promissory notes, as subsequently amended and extended by the terms of various amendments, is approximately $1,018,693.64 (the "HomeBank Secured Indebtedness").

10. To secure the HomeBank Secured Indebtedness, Global granted to HomeBank, a first priority security interest and lien on its personal property, including but not limited to accounts receivable and other rights to payment, inventory, equipment, instruments and chattel paper, general intangibles and other described collateral pursuant to the Commercial Security Agreement dated January 4, 2018 (the "HomeBank Security Agreement") and all other documents, notes and agreements executed in connection with the credit facilities provided by HomeBank (collectively, the "HomeBank Loan Documents"). Additional collateral in the form of a subordinate real estate mortgage was conveyed to HomeBank on the Real Property in Clinton, Arkansas on January 4, 2018. The collateral of HomeBank is defined herein as the "HomeBank Pre-Petition Collateral."

11. HomeBank perfected its security interests and liens in and on the HomeBank Prepetition Collateral by the filing of UCC 1 financing statements with the proper state and county offices for the perfection of such security interests and mortgages in the real estate records of the counties in which the property is located.

2284228-v1

12. The Arkansas Development Finance Authority holds a first lien on the Real Property, with a claim in the amount of approximately $2,214,166.58. The secured claim of HomeBank on the Real Property is second in priority to the secured claim of ADFA.

13. More complete information regarding Global, its business, the financial challenges experienced by Global, the events leading to this chapter 11 case, and Global's objectives in reorganizing its financial affairs will be provided upon request.

## RELIEF REQUESTED

14. Attached hereto as Exhibit 1 is the proposed Interim Order (1) Authorizing Debtor to Use Cash Collateral, (2) Granting Adequate Protection to Secured Lenders and (3) Setting Final Hearing (the "Proposed Interim Order"). The Proposed Interim Order sets forth the terms and conditions upon which the Debtor requests the use of cash collateral pledged to Secured Lenders as collateral ("Cash Collateral") and the use of Prepetition Collateral and proposes adequate protection to the Secured Lenders. The Proposed Interim Order will make working capital available to Debtor, which will allow Debtor to maintain normal operations, pay its employees, pay post-petition acquisition of goods and services and preserve the going concern value of the Debtor. Unless otherwise defined herein all capitalized terms used herein shall have the meaning as defined in the Proposed Interim Order. By this Motion the Debtor requests that the Proposed Interim Order be entered.

15. The amount of the HomeBank Secured Indebtedness that is due and payable to HomeBank as of the Petition Date is $1,018,693.64. The HomeBank Prepetition Indebtedness is secured by Prepetition Collateral having a value as of the Petition Date that exceeds the amount of such claim. HomeBank's interest in its collateral including cash collateral is adequately protected.

16. A budget setting forth all projected cash receipts, sales and cash disbursements (by line item) on a weekly basis for the time period from and including **March 6, 2021 through May 29, 2021**, is attached as Exhibit A to the Proposed Interim Order (the "Initial Budget"). Debtor requests approval of the Initial Budget as set forth in the Proposed Interim Order and pursuant to the terms and conditions contained therein. The Debtor requests authorization to use the Cash Collateral in accordance with and pursuant to the terms and provisions of the Proposed Interim Order and to the extent required to pay expenses enumerated in the Initial Budget.

17. As adequate protection for any Cash Collateral expended by the Debtor and the use, consumption, sale or other disposition of other Prepetition Collateral and any proceeds, Debtor and HomeBank have agreed Debtor shall provide to HomeBank post-petition replacement liens and security interests in and to all property of the type comprising the Prepetition Collateral, new liens and security interests in and to all Post-petition Collateral, as defined herein, junior only to existing liens and security interests, and to the extent necessary, a priority administrative claim in accordance with section 507(b) of the Code.

18. Thereof, Debtor request that the Secured Lenders be granted, pursuant to sections 361(2), 363(c)(2), and 363(e) of the Bankruptcy Code, continuing valid, binding, enforceable and perfected, post-petition lien and security interest on the same types of collateral that is subject to pre-petition liens of HomeBank as set forth in the Proposed Interim Order.

19. Debtor further requests that the Final Order contain a carve out for retained professionals for fees and expenses accrued or incurred after the Petition Date and ultimately allowed on a final basis by this Court under sections 330 and 331 of the Bankruptcy Code and any other carve outs as may be proposed by Debtor prior to the entry of the Final Order.

20. The adequate protection provided to HomeBank for any decline in the value of such parties' interest in the Prepetition Collateral from and after the Petition Date pursuant to the provisions of the Proposed Interim Order is consistent with and authorized by the Bankruptcy Code and is offered by the Debtor to protect the Secured Lenders' interests in the Prepetition Collateral, including from the use of Cash Collateral, in accordance with sections 361, 362 and 363 of the Bankruptcy Code.

21. Good cause exists for entry of the Proposed Interim Order. Entry of the Proposed Interim Order will increase the possibility of maximizing the value of the Debtor's assets and continuation of its business through reorganization and will avoid immediate and irreparable harm to, and is in the best interests of, the Debtor (including its employees), its creditors and its Estate.

22. Debtor further requests that the Court approve the procedure for Objections as set forth in the Proposed Interim Order and set a final hearing on this Motion at which time the Debtor requests that a Final Order as contemplated by the Proposed Interim Order be entered.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Interim Order granting such relief as set forth therein, and upon Final Hearing, enter a Final Order as set forth herein and for all other relief to which Debtor is entitled.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL: ccoleman@wlj.com; jfair@wlj.com
>
> By: /s/ Charles T. Coleman
>     Charles T. Coleman (80030)
>     Jacob P. Fair (2015167)
>
> *Attorneys for Debtor-in-Possession*